IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 21, 2008

Charles R. Fulbruge III
Clerk

No. 07-10929
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TERESA SMITH

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-3-12

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Teresa Smith appeals the 309-month sentence imposed following her guilty-plea conviction for conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846.  The sole issue raised by Smith is whether the district court erred in denying her a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.  Smith contends that she demonstrated her acceptance of responsibility notwithstanding that she filed objections to the probation officer's drug-quantity determination.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Deferring to the trial court's unique position, this court examines the denial of a reduction for acceptance of responsibility under a standard of review even more deferential than a pure clearly erroneous standard.  United States v. Outlaw, 319 F.3d 701, 705 (5th Cir. 2003).  This court "will affirm a sentencing court's decision not to award a reduction under U.S.S.G. § 3E1.1 unless it is without foundation."  United States v. Solis, 299 F.3d 420, 458 (5th Cir. 2002) (internal quotation marks and citation omitted).

The district court determined that Smith contested drug quantities that she knew she had received and therefore did not clearly demonstrate that she was entitled to a reduction for acceptance of responsibility.  Because there was a foundation for the district court's determination, its finding is not clearly erroneous.  See Outlaw, 319 F.3d at 705; Solis 299 F.3d at 458.  Accordingly, Smith's sentence is AFFIRMED.